UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

--------------------------------------------------------------------------x

PHILIP L. ASTUTO and MATELLA D.
ASTUTO,

Plaintiffs,

-against-

VERIZON INC., individually and as successor to
GTE OPERATIONS SUPPORT INCORPORATED,
GTE CORPORATION, GTE SYLVANIA INCORPORATED,
SYLVANIA-CORNING NUCLEAR CORPORATION,
GT&E SYLVANIA INCORPORATED,
SYLVANIA ELECTRIC PRODUCTS INCORPORATED,
and GENERAL TELEPHONE & ELECTRONICS
CORPORATION; SYLVANIA ELECTRIC PRODUCTS, INC.
SYLVANIA CORNING, JOINT VENTURE,
VERIZON COMMUNICATIONS, INC., individually and
as successor to GTE OPERATIONS SUPPORT
INCORPORATED, GTE CORPORATION,GTE SYLVANIA
INCORPORATED, SYLVANIA-CORNING NUCLEAR
CORPORATION, GT&E SYLVANIA INCORPORATED,
SYLVANIA ELECTRIC PRODUCTS INCORPORATED,
and GENERAL TELEPHONE & ELECTRONICS
CORPORATION; GTE OPERATIONS SUPPORT
INCORPORATED, individually and as successor to GTE
OPERATIONS SUPPORT INCORPORATED, GTE
CORPORATION, GTE SYLVANIA INCORPORATED,
SYLVANIA-CORNING NUCLEAR CORPORATION,
GT&E SYLVANIA INCORPORATED, SYLVANIA
ELECTRIC PRODUCTS INCORPORATED, and
GENERAL TELEPHONE & ELECTRONICS CORPORATION;
GTE CORPORATION; HARRIS CORPORATION,
individually and as successor to HARRIS INTERTYPE
CORPORATION and PRD ELECTRONICS;
BARSON COMPOSITES CORPORATION;AIR
TECHNIQUES INC., ANCHOR/LITH KEM KO,
individually and as successor to ANCHOR CHEMICAL
COMPANY; FUJI HUNT PHOTOGRAPHIC
CHEMICALS, INC., individually and as successor to

WEXLER, J.

LINDSAY, M.J.

CV 02 6529

VERIFIED COMPLAINT

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT, E.D.N.Y.
★ DEC 1 3 2002 ★
BROOKLYN OFFICE

JURY TRIAL DEMANDED

Docket no.

*Please assign to Judge Wexler
as he is presiding over related
cases: 02CV2543 & 02CV2017*

1

ANCHOR/LITH KEM KO;JERRY SPIEGEL ASSOCIATES;
GILBERT DISPLAYS REALTY CO., LLC;
GENERAL SEMICONDUCTOR INC., individually and
as successor to GENERAL INSTRUMENT
CORPORATION; K.B. CO.; A-T REALTY; and
HARBOR DISTRIBUTING CORP.

Defendants.

------------------------------------------------------------------------x

Plaintiffs, by their attorneys, Jaroslawicz & Jaros, complaining of the defendants, allege as follows:

**INTRODUCTION**

1.    Plaintiffs bring this action against Defendants seeking redress for injuries they have suffered in the past and will continue to suffer as a result of Defendants' reckless, grossly negligent and negligent operation, ownership, remediation, and/or decommissioning of a nuclear materials processing facility first operated by SYLVANIA ELECTRIC PRODUCTS INCORPORATED, which is now known as VERIZON (hereinafter referred to as the "Sylvania Facility"), and/or other facilities and/or properties which emitted toxins into the surrounding environment located in Hicksville, New York near Cantiague Park, which upon information and belief is a part of the Nassau County Parks System.  Throughout the operational history of these facilities, unbeknownst to plaintiffs and other residents of this community who were unaware that there was a nuclear processing facility and other facilities utilizing hazardous chemical materials in their neighborhood, defendants caused and/or allowed the release of radioactive, hazardous and other toxic substances into the surrounding environment.  These releases have contaminated the air, soil, surface water and

2

ground water in the surrounding communities.  The damages directly and proximately caused by Defendants include cancer and related injuries, blighted property and diminished property values.

## JURISDICTION

2.	This action arises under the United States Price Anderson Act, 42 U.S.C. §2210 et seq., as hereinafter more fully appears.  Section 2210(n)(2) of that Act provides an express grant of jurisdiction to the United States District Courts and grants jurisdiction to this Court to consider Plaintiffs' claims.

3.  This action arises under the United States Atomic Energy Act, 42 U.S.C. §2011, et seq., and the United States Price Anderson Act, 42 U.S.C. §2210 et seq., as hereinafter more fully appears. Therefore, this court also has jurisdiction over Plaintiffs' claims by virtue of 28 U.S.C. §1331.

4.  Because this action also arises under laws of the United States regulating commerce, this court has jurisdiction over Plaintiffs' claims by virtue of 28 U.S.C. §1337, as hereinafter more fully appears.  Both the Atomic Energy Act, 42 U.S.C. §2011 et seq., and the Price Anderson Act, 42 U.S.C. §2210 et seq., regulate commerce in the nuclear fuels and nuclear power industry.

5.  Because Plaintiffs' state law claims arise out of the same case or controversy as their federal claims, this court has jurisdiction over those ancillary and pendant state law claims by virtue of 28 U.S.C. §1367(a).

## VENUE

6.     Venue is proper in this judicial district pursuant to 28 U.S.C. 1391(b)(2) and 42 U.S.C. 2210(n)(2) because Plaintiffs' causes of action arose in this district and because the incidents giving rise to Plaintiffs' claims transpired in this district.

7.     There are related actions pending in this Court entitled, <u>Stevens v. Verizon</u> , docket no. <u>02 CV 2543</u> and <u>Schwinger v. Verizon, et al.</u>, docket no. 02 CV 2017 which, upon information and belief, are on "Administrative Hold" by Judge Wexler as per His Honor's verbal directives on December 3, 2002.

## **THE PARTIES**

8.     At all times hereinafter mentioned, the plaintiffs, Philip L. Astuto and Matella D. Astuto are husband and wife ("plaintiffs").

9.     At all times hereinafter mentioned, the plaintiffs currently reside and own their home and underlying property located at 11 Steuben Drive, Jericho, New York which they purchased in approximately 1960.

10.     At all times hereinafter mentioned, plaintiffs' home and property was located in the vicinity of the aforementioned facility.

11.     At all times hereinafter mentioned, the defendant VERIZON COMMUNICATIONS, Inc. ("Verizon") is a Delaware corporation, authorized to do business and doing business in the State of New York.

12.     At all times hereinafter mentioned, the defendant GTE CORPORATION ("GTE") is a foreign corporation, authorized to do business and doing business in the State of New York.

4

13.     At all times hereinafter mentioned, the defendant GTE was merged into VERIZON.

14.     At all times hereinafter mentioned, the defendant SYLVANIA ELECTRIC PRODUCTS, INC. is a foreign corporation, authorized to do business and doing business in the State of New York.

15.     At all times hereinafter mentioned, the defendant SYLVANIA ELECTRIC PRODUCTS, INC.  was merged GTE and later VERIZON.

16.     At all times hereinafter mentioned, the defendant SYLVANIA CORNING, JOINT VENTURE, is a foreign corporation, authorized to do business and doing business in the State of New York.

17.     At all times hereinafter mentioned, the defendant SYLVANIA CORNING, JOINT VENTURE, is intended to be the joint venture of the SYLVANIA ELECTRIC PRODUCTS and CORNING plant located at 70, 100 and 140 Cantiague Rock Road in Hicksville, New York.

18.     Defendant  VERIZON, INC., individually and as successor to GTE OPERATIONS SUPPORT INCORPORATED, GTE CORPORATION, GTE SYLVANIA INCORPORATED, SYLVANIA ELECTRIC PRODUCTS INCORPORATED, GT&E SYLVANIA INCORPORATED and GENERAL TELEPHONE & ELECTRONICS CORPORATION is a foreign corporation authorized to do business in the State of New York with its principal place of business at 1095 Avenue of the Americas, New York, New York 10036.

19.     Defendant VERIZON COMMUNICATIONS, INC., ("VERIZON") Individually and as successor to GTE OPERATIONS SUPPORT INCORPORATED, GTE CORPORATION, GTE

5

SYLVANIA INCORPORATED, SYLVANIA-CORNING NUCLEAR CORPORATION, GT&E SYLVANIA INCORPORATED, SYLVANIA ELECTRIC PRODUCTS INCORPORATED, and GENERAL TELEPHONE & ELECTRONICS CORPORATION is a foreign corporation authorized to do business in the State of New York with its principal place of business at 1095 Avenue of the Americas, New York, NY 10036.

20.     Defendant GTE OPERATIONS SUPPORT INCORPORATED, individually and as successor to GTE CORPORATION, GTE SYLVANIA INCORPORATED, SYLVANIA-CORNING NUCLEAR CORPORATION, GT&E SYLVANIA INCORPORATED, SYLVANIA-CORNING NUCLEAR CORPORATION, GT&E SYLVANIA INCORPORATED, SYLVANIA ELECTRIC PRODUCTS INCORPORATED and GENERAL TELEPHONE & ELECTRONICS CORPORATION is a foreign corporation authorized to do business in the State of New York with its principal place of business as 1225 Corporate Drive, Irving, Texas 75038.

21.     Defendant, GTE CORPORATION, is a domestic corporation with its principal place of business at 1095 Avenue of the Americas, New York, NY 10036.

22.     Defendant, HARRIS CORPORATION, individually and as successor to HARRIS INTERTYPE CORPORATION and PRD ELECTRONICS, is a foreign corporation authorized to do business in the State of New York with its principal place of business at 1025 West NASA Boulevard, Melbourne, Florida 32919.

23.     Defendant, BARSON COMPOSITES CORPORATION, is a foreign corporation authorized to do business in the State of New York with its principal place of business at 160 Sweet

6

Hollow Road, Old Bethpage, New York 11804.

24.     Defendant, FUJI HUNT PHOTOGRAPHIC CHEMICALS, INC., individually and as successor to ANCHOR/LITH KEM KO is a foreign corporation with its principal place of Business at 115 West Century Road, Paramus, New Jersey 07652.

25.     Defendant, FUJI PHOTO FILM USA, INC., individually and as successor to ANCHOR/LITH KEM KO, is a foreign corporation with its principal place of business at 555 Taxter Road, Elmsford, New York 10523.

26.     Defendant, JERRY SPIEGEL ASSOCIATES, is a domestic corporation with its principal place of business at 375 North Broadway, Jericho, New York 11753.

27.     Defendant, GILBERT DISPLAYS REALTY CO., LLC, is a domestic corporation with its principal place of business at 140 Cantiague Rock Road, Hicksville, New York 11801.

28.     Defendant, GENERAL SEMICONDUCTOR, INC., individually and as successor to GENERAL INSTRUMENT CORPORATION, is a domestic corporation with its principal place of business at 10 Melville Road, Melville, New York 11747.

29.     Defendant, K.B. CO., is a domestic corporation with its principal place of business at 375 N. Broadway, Jericho, New York 11753.

30.     Defendant A-T REALTY, is a domestic corporation with its principal place of business at 170 Old Country Road, Mineola, New York 11501.

31.     Defendant, HARBOR DISTRIBUTING CORP., is a domestic corporation with its principal place of business at 120 Bethpage Road, Hicksville, NY 11801.

32.     Defendants listed in paragraphs "**11**" through "**21**" will be referred to herein as the "VERIZON DEFENDANTS".

33.     Defendants listed in paragraphs "**22**" through "**31**" will be referred to herein as the "NON-VERIZON DEFENDANTS".

34.     At all times material hereto, each Defendant corporation, by itself or through its agents, is or has been engaged in the transporting, generating, processing, utilizing, releasing, sale, distribution, and/or disposal of nuclear materials and/or other toxic substances at facilities located at, in, near or around premises now known as 70 Cantiague Rock Road, 100 Cantiague Rock Road, 140 Cantiague Rock Road, 500 West John Street, 600 West John Street, Hicksville, New York and/or owned property that was used for these activities. Such facilities and/or the property thereon, including the Sylvania facility, are, or were at all times material hereto, owned, operated, maintained and/or utilized by these Defendants or by their agents.

35.     Plaintiffs would show that for a period of many years, the land upon which their home is situated was exposed to hazardous, toxic or radioactive substances released by Defendants into the environment, including the air, water, and soil, of the aforementioned location. Plaintiffs would show that their property has been exposed on numerous occasions to hazardous, toxic or radioactive substances released or emanating from Defendants' facilities and/or properties, and the toxic substances, pollutants and contaminants have infiltrated, polluted and contaminated the land, groundwater etc. Plaintiffs further allege, that they have suffered property damage, diminution of real estate, loss of real estate investment value directly and proximately caused by the land's

8

exposure to and contamination of hazardous, toxic or radioactive substances released, emitted, or emanating from Defendants' facilities and/or properties.

36.     Plaintiffs allege that as a result of the release of hazardous, toxic or radioactive substances and the recurring releases known to cause disease and that each exposure caused or contributed to Plaintiffs' damages in that their property has been blighted and damaged by hazardous and/or radioactive waters released from Defendants' facilities.

## THE UNDERLYING FACTS

37.     Beginning in or about 1952, Sylvania Electric Products, Inc. acquired property located at the aforementioned location where, first in a farmhouse, which was demolished in or about 1957, and then in other structures, they manufactured atomic fuel elements. Both uranium and thorium as well as other toxic substances, were used in the manufacture of reactor parts. Upon information and belief, the nuclear waste from this manufacturing process was discharged into the drinking water and air of the adjoining residential neighborhood where the plaintiffs herein resided. These radioactive materials, their by-products and their decay, or "daughter," products are highly toxic and carcinogenic. At no time were any of the plaintiffs, or, upon information and belief, any of the other residents of their neighborhood, ever informed of the presence of a nuclear processing facility in their neighborhood nor were they ever warned of the attendant dangers of having a nuclear processing facility in their neighborhood. Since the closure of the Sylvania facility at least two (2) wells which supply drinking water to plaintiffs' neighborhood have been closed as a result of the contamination caused by the Sylvania Facility. Each of the Verizon defendants, alone or with each other, owned,

9

operated, managed and maintained the Sylvania facility.

38.   The Non-Verizon Defendants caused and/or permitted chemical contamination and/or other toxins from their operations and properties at the aforementioned facility to be discharged into the ground water utilized by plaintiffs.  Operations at the aforementioned locations have also involved the use of non-radioactive chemicals, many of which are classified as hazardous under applicable federal law.

39.   Upon information and belief, Plaintiffs contend that from the time the Sylvania facility began operating in or about 1952 to its closure, including any remediation and/or decommissioning operations, it generated significant amounts of substances that are highly toxic to humans and the environment.  Plaintiffs further contend that throughout the Sylvania facility's operating history, each licensee and/or operator and/or owner has caused recurrent releases of radioactive and toxic materials into the environment, in complete disregard of applicable law, and of the health and safety of the surrounding communities and the local environment.  These reckless, negligent and grossly negligent releases occurred in various ways, including the discharge of radioactive and toxic materials into public water bodies, the emission of radioactive and toxic materials from facility stacks, the exposure of workers, who could then spread contamination outside the work-site, and improper disposal of materials which eventually leaked from storage tanks and other disposal systems.

40.   These reckless, negligent and grossly negligent releases have in turn resulted in the exposure of persons living in the area to toxic and radioactive materials and contamination and

pollution of the surrounding areas. Because of the long half-life of the radioactive substances involved, property located and persons living at or near the Sylvania facility have also been exposed to and/or contaminated by these dangerous substances.

41.     Upon information and belief, the substances to which Plaintiffs, their property and their communities were exposed include but are not limited to uranium, thorium and/or other nuclear materials and/or chemical toxins. Some of these substances were used in the actual conduct of Defendants' operations, and some were by-products or decay ("daughter") products.

42.     Upon information and belief, Plaintiffs contend that the Sylvania facility was not operated in compliance with applicable state, local and federal laws. Further, Plaintiffs contend that from the beginning, the Verizon defendants engaged in a pattern of negligent, grossly negligent and reckless behavior in their operation, remediation and/or decommissioning of the Sylvania facility, and that this pattern of behavior was implemented with full knowledge of the hazards associated with the radioactive, toxic, and hazardous substances associated with their operations.

43.     The Non-Verizon defendants negligently, recklessly and/or carelessly caused and/or permitted the release of chemicals and/or other toxins into the surrounding environment.

44.     While conducting operations in a manner in clear violation other applicable laws, and common law duties, Defendants also sought to prevent details about their operations, and about the hazards of their operations and property, from reaching workers, Plaintiffs, or the surrounding community. During all relevant times, Defendants or their predecessors were aware of the fact that they were releasing toxic and radioactive materials into the air, water and soil. Defendants opted not

to take sufficient remedial measures to eliminate or abate the emissions and releases, manifesting a casual attitude towards environmental and health safety, even though they were aware of the health risks posed to these Plaintiffs by such releases.  At the same time, Defendants withheld information about the dangers from Plaintiffs and the community.

45.     Defendants' failure to inform Plaintiffs of the health risks and pollutants associated with the substances emitted from Defendants' facilities and property resulted in Plaintiffs being deprived of information crucial to their ability to limit their exposure or take other appropriate action. Plaintiffs could not therefore have reasonably determined the cause of their injuries and resultant property damage, diminution of real estate and loss of real estate investment value until recently, when outside consultants publicly revealed the presence of off-site contamination attributable to the facilities.

46.     According to these independent reports, there is radiological contamination as deep as sixteen feet below the ground with high concentrations of tetrachloroethene in the ground water, and high levels of uranium and other toxins.

47.     For many years, persons living in the vicinity of the defendants' plant, including the plaintiffs herein, were subjected to various illnesses and diseases, many of which could not be properly diagnosed due to the defendants' concealment as to the toxins in the soil, water and air in the area surrounding the plaintiffs' homes and property.

48.     Those plaintiffs who have suffered property damage, diminution of real estate, loss of real estate investment value are entitled to recover for the loss of the value of their property by being blighted and contaminated.

## CAUSES OF ACTION
## AS AND FOR A FIRST CAUSE OF ACTION AGAINST ALL THE DEFENDANTS

49.     The defendants' conduct in creating and dumping toxic wastes, and concealing it, violates the laws of the State of New York, the laws and regulations of the United States of America; constituted a public nuisance and a hazard and created dangerous and hazardous conditions.

50.     The defendants are strictly liable for their conduct.

51.     The plaintiffs have suffered property damage, diminution of real estate, loss of real estate investment value and are entitled to recover all of their damages, from the defendants, jointly and severally.

52.     By reason of the foregoing, plaintiffs are entitled to recover all of their damages properly determined at trial plus costs, disbursements and attorneys' fees from the defendants.

## AS AND FOR A FOURTH CAUSE OF ACTION AS AGAINST
## THE VERIZON DEFENDANTS

53.     Plaintiffs hereby repeat, reiterate and reallege each of the foregoing allegations with the same force and effect as if more fully set forth at length herein.

54.     The Verizon defendants owned the Sylvania facility.

55.     The Verizon defendants operated the Sylvania facility.

56.     The Verizon defendants managed the Sylvania facility.

57.    The Verizon defendants controlled the Sylvania facility.

58.    The Verizon defendants maintained the Sylvania facility.

59.    Plaintiffs in this case assert numerous state common law claims against Defendants for damages suffered. Because the Verizon defendants are regulated by the terms of the federal Price Anderson Act, as hereinafter more fully appears, those state law claims are statutorily deemed to arise under the federal Price Anderson Act, thereby stating a federal cause of action. 42 U.S.C. §2014(hh); §2210.

60.    The Verizon defendants in this action have, at times material to this action, conducted various activities involving nuclear materials.  These activities include collecting and processing uranium, thorium and other radioactive and/or toxic substances.  They are therefore engaged in the development, use and control of atomic energy within the terms of the Atomic Energy Act, 42 U.S.C. §2011 et. seq.  A consequence of these activities is the requirement that the Verizon defendants obtain a federal license authorizing their operations involving nuclear materials. 42 U.S.C. §§2210, 2073, 2092, 2093, 2111. Upon information and belief, the Verizon defendants or their predecessors and/or agents have at all relevant times held such federal licenses.

61.    In 1957, Congress amended the Atomic Energy Act to implement its policy to foster private sector participation in the nuclear energy industry. These 1957 amendments became known as the Price Anderson Act.  The uranium, thorium and other radioactive substances possessed, processed and stored by the Verizon defendants at the Sylvania facility are nuclear by-product materials, special nuclear materials and/or source materials. 42 U.S.C. §2014(e), (z), (aa).  Any

14

release of these by-product, special nuclear, or source materials causing bodily injury, sickness, disease, death, loss or damage to property, or loss of use of property constitutes a "nuclear incident" under the terms of the Price Anderson Act. 42 U.S.C. §2014(q). Plaintiffs in this case contend that the Verizon Defendants operated the Sylvania facility in a negligent, grossly negligent, and reckless fashion, and have as a consequence caused the frequent release of by-product, special nuclear, and/or source materials into the surrounding communities, thereby causing a "nuclear incident" or series of "nuclear incidents" under the Price Anderson Act.

62.     Plaintiffs further argue that these releases have exposed Plaintiffs and their property to highly dangerous materials. Plaintiffs have sustained serious injuries and damages as a direct and proximate cause of these exposures. Plaintiffs have suffered property damage, diminution of real estate, loss of real estate investment value as a direct and proximate result of their exposures. Plaintiffs' cause of action therefore asserts legal liability based upon a "nuclear incident," or series of such incidents, and is consequently a "public liability action" within the terms of the Price Anderson Act. 42 U.S.C. §2014(w), §2014(hh).

63.     The Price Anderson Act further provides that in "public liability actions" arising under the Act, the law of the state in which the "nuclear incident" occurred shall provide the substantive rules of decision unless such law is inconsistent with the Act. The causes of action enumerated in ¶¶ **49-52 & 65 through 105** exist by virtue of the laws of the state of New York in which the "nuclear incident" occurred, and are therefore properly before this court as both federal

15

causes of action arising under the Price Anderson Act and as state law claims ancillary and pendant to the federal claims.  42 U.S.C. §2014(hh), §2210.

64.     By reason of the foregoing, plaintiffs are entitled to recover all of their damages properly determined at trial plus costs, disbursements and attorneys' fees from the defendants.

## AS AND FOR A FIFTH CAUSE OF ACTION AS AGAINST ALL THE DEFENDANT (NEGLIGENCE)

65.     Plaintiffs hereby repeat, reiterate and reallege each of the foregoing allegations with the same force and effect as if more fully set forth at length herein.

66.     Defendants owed to Plaintiffs a duty of due care which could only be satisfied by the legal, safe, and proper generation, use, management, storage and disposal of the radioactive, toxic and hazardous substances in Defendants' possession.  Defendants also had a specific duty to prevent the discharge or release of such substances which might harm the persons, property or economic interests of Plaintiffs.  Defendants also had a specific duty to warn or notify Plaintiffs of the potential hazards of exposure to radioactive, toxic and hazardous substances and to warn or notify Plaintiffs of the fact that discharges or releases of these substances had occurred, and were likely to occur in the future.

67.     Further, Defendants had a duty to comply with applicable state, federal, and local governmental laws, regulations, and guidelines applicable to persons generating, managing, storing, using, and disposing of radioactive, hazardous and toxic substances.

68.     Defendants breached these duties by their negligent, grossly negligent, and reckless generation, management, storage, use, and disposal of radioactive, hazardous and toxic substances

16

and their negligent, grossly negligent, and reckless conduct of operations at the Sylvania and/or adjoining facilities, including any remediation and decommissioning activities. Such conduct was in non-compliance with applicable federal, state and local laws, regulations, and guidelines. Defendants' reckless, grossly negligent, negligent, and illegal conduct resulted in the dangerous release of radioactive, hazardous and toxic substances into the communities surrounding the Sylvania facility. These actual and continued releases have subjected Plaintiffs to an unreasonable risk of harm, and to actual injuries to their persons, property damage, diminution of real estate, loss of real estate investment value and economic interests. Defendants also failed to warn Plaintiffs of the actual and threatened releases of such substances and of the reasonably foreseeable effects of such releases, an omission that was reckless, grossly negligent, and/or negligent. Finally, Defendants failed to act to prevent their releases from harming Plaintiffs and their property.

69.     The Verizon defendants knew or should have known about the hazards associated with nuclear operations. Additionally, the legislative history of the Price Anderson Act, which was passed with the active participation of private companies involved in the nuclear power industry, is rife with references to the extreme consequences that could be expected in the event of a nuclear accident. Indeed, the gravity of such consequences was a major contributing factor to the passage of the Price Anderson Act.

70.     The defendants clearly knew or should have known that their generation, management, storage, use, disposal, releases, or discharges of radioactive, toxic and hazardous substances at the Sylvania or adjoining facilities would result in actual injuries and increased risks

to the persons, property and economic interests of the public living near the facility.

71.    The Non-Verizon defendants were negligent, careless and reckless in the generation, management, storage, use, disposal and/or discharge of chemicals and/or toxins and/or in failing to prevent and failing to warn of discharges from their property.

72.    Defendants' negligence was a direct and proximate cause of injuries to Plaintiffs, causing both actual present harm and creating an increased risk of harm to their persons, property and economic interests.  Plaintiffs are entitled to recover damages for such injuries.

73.    By reason of the foregoing, plaintiffs are entitled to recover all of their damages properly determined at trial plus costs, disbursements and attorneys' fees from the defendants.

### AS AND FOR A SIXTH CAUSE OF ACTION AGAINST ALL THE DEFENDANTS (NEGLIGENCE PER SE)

74.    Plaintiffs hereby repeat, reiterate and reallege each of the foregoing allegations with the same force and effect as if more fully set forth at length herein.

75.    Plaintiffs contend that throughout their history, the Sylvania facility was operated in non-compliance with applicable federal, state and local laws and regulations promulgated thereunder.  Applicable statutes include but are not limited to the Atomic Energy Act, 42 U.S.C. §2011 et. seq., and the regulations issued thereunder, the Price Anderson Act, 42 U.S.C. §2210 et seq., and regulations issued thereunder; the Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA), 42 U.S.C. §9601, §9603, §9611(g), and regulations issued thereunder; the Toxic Substances and Control Act (TSCA), 15 U.S.C. §2601, §2607(e) and regulations issued thereunder; the Resource Conservation and Recovery Act (RCRA) 42 U.S.C.

§6901, §6924(d), §6925 and regulations issued thereunder; the Emergency Planning and Community Right to Know Act (EPCRTKA) 42 U.S.C. §11001, §11023 and regulations issued thereunder; and applicable New York air and water quality protection and waste disposal laws.

76.     The Non-Verizon defendants operated their respective facilities in violation of applicable law.

77.     These violations of applicable state, federal and local laws, regulations and guidelines were a direct and proximate cause of injuries to Plaintiffs. The increased risk of harm and the actual present harm to their person, property and economic interests are precisely the types of injuries these applicable laws were designed to prevent. Violation of these statutes thereby constitutes per se negligence.

78.     By reason of the foregoing, plaintiffs are entitled to recover all of their damages properly determined at trial plus costs, disbursements and attorneys' fees from the defendants.

## AS AND FOR A SEVENTH CAUSE OF ACTION AS AGAINST ALL THE DEFENDANTS (ABSOLUTE OR STRICT LIABILITY)

79.     Plaintiffs hereby repeat, reiterate and reallege each of the foregoing allegations with the same force and effect as if more fully set forth at length herein.

80.     The conduct of nuclear processing activities, and/or the use of industrial chemicals including any remediation and decommissioning activities, poses significant risk of harm to persons living and working in the vicinity of the operation. The consequences of nuclear accidents or incidents to health, property and the environment are extremely dire, and can be measured in the millions, if not billions of dollars. Nor is it possible to eliminate the risk

by taking reasonable precautions. Finally, processing nuclear materials has never been a matter of common usage; indeed, prior to 1957, private operators were not permitted to engage in such activities at all. The conduct of nuclear processing activities, and/or the use of industrial chemicals at the Sylvania and/or adjoining facilities clearly constituted abnormally dangerous activities.

81.     In addition, with full knowledge of the environmental and health hazards associated with the processing of nuclear fuel components and the use of industrial chemicals, Defendants and their predecessors chose to establish the Sylvania and/or adjoining facilities in the midst of residential communities in Hicksville, Westbury and Jericho, New York with facilities being located literally across the street from homes. Although Plaintiffs maintain the Defendants' activities were abnormally dangerous per se, the location of such activities in a well-populated area such as Hicksville, Westbury or Jericho, New York, would independently have rendered them abnormally dangerous.

82.     As a direct and proximate result of the Defendants' collection, handling, processing, storage and disposal of radioactive, toxic and hazardous substances at the Sylvania and/or adjoining facilities, there have been releases of such substances into the environment, thereby injuring Plaintiffs, which injuries include actual present harm and increased risks of harm to their persons, property damage, diminution of real estate, loss of real estate investment value and economic interests. Defendants' releases, and their conduct of abnormally dangerous activities at the Sylvania and/or adjoining facilities have also interfered substantially with

Plaintiffs' private use and enjoyment of their property. These injuries constitute the type of harm the possibility of which made the Defendants' activities abnormally dangerous.

83.     Defendants are therefore strictly liable to Plaintiffs for all damages which have resulted and which will continue to result from the collection, handling, processing, storage and disposal of radioactive, toxic and hazardous substances at the Sylvania and/or adjoining facilities.

84.     By reason of the foregoing, plaintiffs are entitled to recover all of their damages properly determined at trial plus costs, disbursements and attorneys' fees from the defendants.

## AS AND FOR AN EIGHTH CAUSE OF ACTION AS AGAINST ALL THE DEFENDANTS (MISREPRESENTATION AND CONCEALMENT)

85.     Plaintiffs hereby repeat, reiterate and reallege each of the foregoing allegations with the same force and effect as if more fully set forth at length herein.

86.     Some or all of the Defendants, at various times, both negligently and/or intentionally failed to disclose to Plaintiffs material facts or, any facts, concerning the nature and the magnitude of the releases of radioactive, toxic and hazardous substances from the Sylvania nuclear processing facility and/or adjoining facilities despite the fact that the defendant knew for decades of the hazards of the substances they had released into the surrounding environments. Finally, Defendants have continued to make misrepresentations to members of the community regarding their ability to restore the land and water at or near the Sylvania facility such that those properties can safely be made available for unrestricted use.

87.     Each of these misrepresentations and/or concealments were made by Defendants

individually, jointly and in conspiracy with each other, and were made with the intention of creating a false impression in the minds of the Plaintiffs as to the true environmental status of the community and the true health risks accompanying Defendants' releases of toxic, hazardous and radioactive substances such that Plaintiffs would be lulled into complacency, and would refrain from seeking redress or pursuing other remedial action.

88.     Plaintiffs reasonably believed and in good faith relied upon Defendants' misrepresentations and concealments in making decisions regarding seeking legal redress or pursuing remedial actions.

89.     Many of the injuries and damages to Plaintiffs and their property arising out of the releases of radioactive, toxic and hazardous substances by Defendants into the environment have been compounded by the passage of time and Plaintiffs' reliance upon Defendants' misrepresentations and concealments.  Plaintiffs' injuries include both actual present harm and increased risk of harm to the person, property damage, diminution of real estate, loss of real estate investment value and economic interests of Plaintiffs.  All injuries and damages were directly and proximately caused by Plaintiffs' reliance upon Defendants' false and misleading representations, omissions and concealments.  Plaintiffs sustained property damage, diminution of real estate and loss of real estate investment value.  Plaintiffs are entitled to recover for such damages.

90.     Plaintiffs did not discover the fraud alleged until recently and plaintiffs further allege that the statute of limitations to commence these actions is tolled as a result of the defendants fraudulent concealment and misrepresentations.

22

91.     By reason of the foregoing, plaintiffs are entitled to recover all of their damages properly determined at trial plus costs, disbursements and attorneys' fees from the defendants.

## AS AND FOR AN NINTH CAUSE OF ACTION AS AGAINST ALL THE DEFENDANTS(CIVIL CONSPIRACY)

92.     Plaintiffs hereby repeat, reiterate and reallege each of the foregoing allegations with the same force and effect as if more fully set forth at length herein.

93.     Some or all of the Defendants, their officers and employees, and other persons and entities unknown to Plaintiffs, at various times, acted together with the common purpose of conducting operations at the Sylvania and nearby facilities in an unlawful manner, and with the further common purpose of unlawfully concealing operations at such facilities from the public and of concealing the fact that releases of toxic substances, radiation, and pollutants were occurring.

94.     In furtherance of this conspiracy, Defendants have taken overt steps to conceal the nature of plant operations from the public and from regulators, and have failed in their legal duty to disclose the fact that releases of toxic pollutants and radiation have occurred.  Such concealment is a violation of law, and a violation of Defendants' duty to Plaintiffs as members of the community.

95.     In furtherance of this conspiracy, Defendants have also falsely and fraudulently represented the nature and extent of releases of toxic, hazardous and radioactive substances from the Sylvania and/or nearby facilities, have misrepresented the health and environmental risks associated with such releases and with the operations of Defendants' facilities, and have concealed information known to Defendants about the health risks and the status of knowledge regarding the

dangerous properties of the toxic, hazardous and radioactive substances used, processed, generated and released from the facilities.

96.     As a direct and proximate result of Defendants' conspiracy, Plaintiffs have suffered injuries to their persons, property damage, diminution of real estate, loss of real estate investment value and economic interests and are entitled to recover damages for such injuries and damages.

97.     By reason of the foregoing, plaintiffs are entitled to recover all of their damages properly determined at trial plus costs, disbursements and attorneys' fees from the defendants.

## AS AND FOR A TENTH CAUSE OF ACTION AS AGAINST ALL THE DEFENDANTS (PROPERTY DAMAGE)

98.     Plaintiffs Philip L. Astuto and Matella D. Astuto repeat, reiterate and reallege each of the foregoing allegations with the same force and effect as if more fully set forth at length herein.

99.     Plaintiffs Philip L. Astuto and Matella D. Astuto own their home and reside in close proximity to the Sylvania facility and as a result their home has decreased in value because of not only its proximity, but also because of the potential that their house has been contaminated due to the spread and dissemination of nuclear and other toxic contaminants.

100.    By reason of the foregoing, plaintiffs are entitled to recover all of their damages properly determined at trial plus costs, disbursements and attorneys' fees from the defendants.

### (DAMAGES)

24

101.   Plaintiffs hereby repeat, reiterate and reallege each of the foregoing allegations with the same force and effect as if more fully set forth at length herein.

102.   As a direct and proximate result of Defendants' tortious conduct as alleged above, Plaintiffs' have suffered property damage, diminution of real estate and loss of real estate investment value by exposure to toxic and radioactive substances.

103.   Because Defendants' conduct was grossly negligent and reckless, Plaintiffs seek punitive damages;

104.   To the extent that any plaintiff herein is required to, it is alleged that pursuant to CPLR 214-c, the technical, scientific or medical knowledge and information sufficient to ascertain the cause of their injury or damages have not been discovered, or identified, or determined prior to the expiration of the period within which this action could otherwise have been brought and that the plaintiffs would have otherwise satisfied the requirements of 214-c subdivisions 2 and 3.

105.   By reason of the foregoing, plaintiffs are entitled to recover all of their damages properly determined at trial plus costs, disbursements and attorneys' fees from the defendants.

## PRAYER FOR RELIEF

106.   By reason of the foregoing, plaintiffs are entitled to recover all of their damages properly determined at trial plus costs, disbursements and attorneys' fees from the defendants.

107.   Plaintiffs seek such other relief as is just and equitable.

108.   Plaintiffs demand that all issues of fact in this case be heard before a jury.

25

WHEREFORE, plaintiffs demand judgment against the defendants, jointly and severally, for all of their damages, all together with the costs, disbursements and attorneys fees of this action.

**JAROSLAWICZ & JAROS, ESQS.**
Attorneys for Plaintiffs
150 William Street
New York, New York 10038
(212) 227-2780

By: _____
        David Jaroslawicz (DJ 6931)

*Of Counsel:*

**Scott Schutzman, Esq.**
**LAW OFFICES OF SCOTT SCHUTZMAN**
3700 So. Susan St., Ste. 120
Santa Ana, California 92704

**Mike Arrias, Esq.**
**ARIAS, OZZELLO & GIGNAC LLP.**
6701 Center Drive West, Suite 950
Los Angeles, California 90045